UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 May 19 CN
U.S. District Court
N.D. of Alabama

BERMAN BROTHERS IRON AND      )
METAL COMPANY, INC.,          )
                              )
      Plaintiff,              )
                              )
vs.                           )   Civil Action No. CV97-S-1945-S
                              )
CERTIFIED INDUSTRIAL          )
TECHNOLOGIES, INC.,           )   ENTERED CN
                              )
      Defendant.              )   MAY 20 1998

## MEMORANDUM OPINION

This action arises from an allegedly defective aluminum melting furnace constructed by Certified Industrial Technologies, Inc. for plaintiff, Berman Brothers Iron and Metal Company, Inc. Seven years after installation on plaintiff's premises in Birmingham, Alabama, that furnace allegedly leaked molten aluminum.

This action now is before the court on six motions filed by plaintiff on April 1, 1998: motion to shorten time for defendant to respond to discovery; motion to shorten time for non-party production of documents; motion to amend scheduling order; application for default judgment; and, motion to compel defendant to respond to discovery.

### I. APPLICATION FOR DEFAULT JUDGMENT

**A.  Background**

Plaintiff commenced this action in the Circuit Court for Jefferson County, Alabama by serving a summons and complaint upon Certified Industrial Technologies, Inc. on June 30, 1997. The only

29

named defendant in this action, Certified Industrial Technologies, Inc., has not filed an answer to the complaint. However, the action was removed to this court on July 29, 1997 by Weber Corporation 3, Ltd., a non-party which claimed it was "formerly named Certified Industrial Technologies, Inc." (Notice of removal at 1.) From that point, confusion reigns.

In its notice of removal, Weber Corporation 3 failed to reveal these important facts: John Weber was formerly president of a company named Certified Industrial Technologies, Inc. On January 2, 1997, Weber sold that company, in its entirety, to a Canadian corporation operating under the name Certified Industrial Technologies Acquisition Company, Inc. That sale was completed on March 24, 1997, prior to the commencement of this lawsuit.

Following that sale, the acquiring company changed its name to Certified Industrial Technologies, Inc., the same name used by the firm when Weber owned it. The company thereafter continued to conduct the same type of business from the same location, using the same voice and facsimile telephone numbers used when Weber owned the company.

Significantly, the asset purchase agreement between Weber and the Canadian firm excluded certain corporate liabilities from the sale. Those liabilities remain with Weber and, apparently, the corporation named Weber Corporation 3, Ltd. Thus, when Certified Industrial Technologies, Inc. was served with the summons and complaint at its regular place of business in Oswego, Illinois, someone working there apparently concluded that the lawsuit

2

asserted liability only against Weber Corporation 3, Ltd., not Certified Industrial Technologies, Inc. The summons and complaint were forwarded to John Weber, and the matter was apparently forgotten.

In its notice of removal, Weber Corporation 3 asserted only that it was "formerly named Certified Industrial Technologies, Inc.," offering no other explanation regarding its corporate heritage. Moreover, the new incarnation of Certified Industrial Technologies, Inc. did not notify this court that it was improperly named as a defendant, and filed no response to the complaint.

Plaintiff thus seeks a default judgment against the entity currently doing business as "Certified Industrial Technologies, Inc." for failure to file a timely response to the complaint. Plaintiff also wishes to maintain this action against Weber Corporation 3, Ltd.

Defendants' failure to make relevant facts known to plaintiff or this court unnecessarily created confusion and wasted the time of all concerned. As a result, the court is left with the following unanswered question: who is the proper party defendant in this action?

That question is best, and perhaps only, answered by requiring all purported defendants in this litigation to submit to additional and comprehensive discovery. Matters to be explored include how Weber Corporation 3 became involved in this action; why Certified Industrial Technologies, Inc. did not respond to the complaint which was admittedly served at its business address; whether this

3

action was properly removed; and if not, whether removal suffers from procedural or jurisdictional flaws.

Accordingly, the parties are directed to pursue additional discovery on those issues. Plaintiff's motion for default judgment against Certified Industrial Technologies, Inc. will be held in abeyance for 60 days, following which all parties are directed to brief this court on relevant facts and legal authorities.

Additionally, this court finds plaintiff has demonstrated good cause for modifying the September 8, 1997 scheduling order, and the motion to modify is due to be granted. See Fed.R.Civ.P. 16(b). An amended scheduling order will be issued following completion of the newly ordered discovery.[1]

## II. MOTION TO COMPEL

### A. Plaintiff's First Interrogatories and Defendant's Objections

The following were included with plaintiff's first interrogatories and served upon defendant on September 3, 1997:

> Interrogatory 15: List each complaint, item of technical assistance, report(s) of problems or report(s) of failure, whether written or verbal, received by this Defendant from any other person, entity or customer, regarding similar furnaces as the one made the basis of this case.
>
> Interrogatory 16: Has any person or entity ever complained to this Defendant that its furnaces were defectively designed, manufactured, installed, assembled or sold? If so, please state the following for each complaint: (1) The identity of the person or entity; (2) the date of the complaint, and (3) the substance of the complaint.
>
> Interrogatory 17: After Berman purchased this furnace from this Defendant, please list each and every

---

[1] Because discovery deadlines will be extended, this court finds that plaintiff's motions to shorten time are due to be denied.

4

modification, change or correction this Defendant made regarding the design, manufacture or installation of similar furnaces as the one purchased from this Defendant by Berman.

**Interrogatory 18**: Has this Defendant ever been involved in any other litigation regarding the design, manufacture, installation or sale of its product(s)? If so, please state herein, for each case: (1) The style of the case; (2) the civil action number for the case; (3) the title of the court in which the action is pending and a brief summary of the facts and allegations of the case. Further, if the case has been resolved, please list the method of resolution.

**Interrogatory 19**: Has any other person or entity ever sued or made claim against this Defendant for any alleged defective design, manufacture, installation or sale of its products? If so, please state herein for each case or claim: (1) The style of the case; (2) the civil action number for the case; (3) the title of the court in which the action is pending and a brief summary of the facts and allegation of the case. Further, if the case has been resolved, please list the method of resolution.

(Motion to Compel exhibit A.)

Defendant offered the following objections to those interrogatories on October 20, 1997:

This defendant objects to interrogatory number 15 on the grounds that it is unreasonably overbroad and vague, unduly burdensome, seeks proprietary information, seeks information that is immaterial and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence in this action, and is not limited to a reasonable time period.

...

This defendant objects to interrogatory number 16 on the grounds that it is unreasonably overbroad and vague, seeks proprietary information, seeks information that is immaterial and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence in this action, and is not limited to a reasonable time period.

...

This defendant objects to interrogatory number 17 on the grounds that it is unreasonably overbroad and vague, unduly burdensome, seeks proprietary information, seeks information that is immaterial and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence, and is not limited to a reasonable time period. Without waiving said objections, and expressly reserving the same, this defendant states the following:

The furnaces are not "stock or off-the-shelf" items. They vary from one customer to another, or from one order to another, based largely on a customer's specifications and directions on evolving technological developments. Plans for a furnace are subject to customer approval.

. . .

This defendant objects to interrogatory number 18 on the grounds that it is unreasonably overbroad, seeks information that is immaterial and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence, and is not limited to a reasonable time period.

. . .

This defendant objects to interrogatory number 19 on the grounds that it is unreasonably overbroad, seeks information that is immaterial and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence in this action, and is not limited to a reasonable time period.

(Motion to compel exhibit B at 8-9.)

B. **Plaintiff's First Request for Production and Defendant's Objections**

The following requests for production also were served on

September 3, 1997:

Request 14: All correspondence, reports, letters, notes, E-mail, computer information, memoranda or any other document by whatever name or description which evidences all customer complaints regarding furnaces designed, manufactured, installed, assembled and/or sold by this Defendant for the past 15 years.

Request 19: All correspondence, memoranda, letters, notes, E-mail, computer information, blueprints,

6

drawings, schematics, manuals, written instructions or other technical or non-technical documents, by whatever name or description, which were sent by this Defendant to any other person, entity or customer, other than Berman, regarding furnace temperature control and/or sub-hearth cooling of furnaces sold by this Defendant. For each document produced herein, please also provide the date said document was sent by this Defendant.

<u>Request 26</u>: Any and all reports, tests, investigations, reports of tests or investigations, memoranda, correspondences, letters, notes, drawings, blueprints, schematics, E-mail, computer information or any other document by whatever name or description which evidence or reflect investigations, tests or experiments conducted on any furnace which was designed, manufactured, installed, assembled and/or sold by this Defendant for the past 15 years.

<u>Request 27</u>: Any and all reports, tests, investigations, reports of tests or investigations, memoranda, correspondences, letters, notes, drawings, blueprints, schematics, E-mail, computer information or any other document by whatever name or description which evidence or reflect investigations, tests or experiments investigations, tests or experiments regarding furnace temperature control and/or sub-hearth cooling of furnaces sold by this Defendant for the past 15 years.

<u>Request 28</u>: Any and all reports, tests, investigations, reports of tests or investigations, memoranda, correspondences, letters, notes, drawings, blueprints, schematics, E-mail, computer information or any other document by whatever name or description which evidence or reflect complaints or concerns which have been expressed to this Defendant by any other person or entity (other than Berman) regarding temperature control and/or sub-hearth cooling of furnaces sold by this Defendant.

(Motion to compel exhibit C.)

Defendant provided the following objections to those requests on October 20, 1997:

> This defendant objects to paragraph 14 in that it is vague, unreasonably overbroad, unduly burdensome, seeks documents that are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of relevant information, seeks documents that were prepared in anticipation of

7

litigation, constitute attorney work product, constitute attorney-client communication, or are otherwise privileged, fails to describe the item or category of documents sought with reasonable particularity, seeks proprietary information, and is not limited to a reasonable time period.

...

This defendant objects to paragraph 19 in that it is vague, unreasonably overbroad, unduly burdensome, seeks documents that are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of relevant information, seeks documents that were prepared in anticipation of litigation, constitute attorney work product, constitute attorney-client communication, or are otherwise privileged, fails to describe the item or category of documents sought with reasonable particularity, seeks proprietary information, and is not limited to a reasonable time period.

...

This defendant objects to paragraph 26 in that it is unreasonably overbroad and vague, unduly burdensome, seeks documents that are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of relevant information, is not limited to a reasonable time period, seeks proprietary information, and seeks documents that were prepared in anticipation of litigation, constitute attorney work product, constitute attorney-client communication, or are otherwise privileged.

...

This defendant objects to paragraph 27 in that it is unreasonably overbroad and vague, unduly burdensome, seeks documents that are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of relevant information, is not limited to a reasonable time period, seeks proprietary information, and seeks documents that were prepared in anticipation of litigation, constitute attorney work product, constitute attorney-client communication, or are otherwise privileged.

...

This defendant objects to paragraph 28 in that it is unreasonably overbroad and vague, unduly burdensome,

8

seeks documents that are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of relevant information, is not limited to a reasonable time period, seeks proprietary information, and seeks documents that were prepared in anticipation of litigation, constitute attorney work product, constitute attorney-client communication, or are otherwise privileged.

(Motion to compel exhibit D.)

C.  **Document Request Accompanying Deposition Notice and Defendant's Objections**

Plaintiff scheduled the deposition of Weber's corporate representative for March 24, 1998, and served a notice of deposition on March 18, 1998. Accompanying that notice was a request for the corporate representative to produce the following documents at the deposition:

> 1. A list of customers, including the name, address, telephone number and principal contact, to whom the defendant sold a furnace or furnace design similar to the one originally sold to the plaintiff and which is at issue in this case between 1985 through the present.
>
> 2. A list of customers including the name, address, telephone number and principal contact, to whom the defendant sold a furnace or furnace design similar to the one recommended by defendant to plaintiff on September 15, 1995 which incorporated an "air dump valve for bottom cooling" for the years 1985 through the present.
>
> 3. A list of customers including the name, address, telephone number and principal contact, of whom the defendant is aware that had problems, complaints, warranty claims or otherwise contacted the defendant regarding problems or concerns associated with or caused by the defendant's sub-hearth cooling design similar to the one originally sold to the plaintiff for the years 1985 through the present.

(Motion to compel exhibit H.)

Defendant served the following objections to the document request on the afternoon before the deposition:

9

1. To the extent that the Re-Notice purports to incorporate by reference the Plaintiff's First Request for Production (the "First Request"), this defendant hereby adopts and incorporates its objections to the First Request as if set out here in full.

2. The request for documents in the Re-Notice fails to comply with Federal Rules of Civil Procedure 30(b)(5) and 34(b). Rule 30(b)(5) requires that any request for production contained in a deposition notice to a party must be "in compliance with Rule 34." Additionally Rule 30(b)(5) states that "[t]he procedure of Rule 34 shall apply to the request." Rule 34(b) provides that the party upon whom a request for production is served shall have thirty days in which to respond unless the court otherwise directs or the parties agree in writing to a different period. Here, the Re-Notice requests, for the first time, the production of certain documents, but purports to require a response in six days rather than thirty, as Rule 34 requires. The Court has not ordered a shorter time for the production, nor have the parties agreed to such an abbreviated period.

3. Additionally, this defendant states the following objections to the requests numbered as 1, 2 and 3 in the Re-Notice: This defendant objects to numbers 1, 2 and 3 on the grounds that they are unreasonably overbroad and unduly burdensome; they seek information that is irrelevant and immaterial and is not reasonably calculated to lead to the discovery of admissible evidence; they seek proprietary information; they would invade the privacy of persons or entities who are not parties to this suit; they are not appropriately limited in geographic scope; they are not limited to a reasonable time period (the period you identify spans 13 years) and they purport to require this defendant to generate a document or documents to present the information identified in said requests.

(Response to motion to compel exhibit C.)

D. **Interrogatories and First Requests for Production**

Weber claims that "the plaintiff has made no attempt to demonstrate to this Court why any of the defendant's specific objections should be overruled." (Opposition to motion to compel at 1.) That assertion improperly attempts to shift the burden in

10

this dispute to plaintiff: "The objecting party has the burden to substantiate its objections." *Oleson v. Kmart Corporation*, 175 F.R.D. 570, 571 (D. Kan. 1997); *see also Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996); *Hicks v Big Brothers/Big Sisters of America*, 168 F.R.D. 528, 528-29 (E.D. Pa. 1996); 8A Wright, Miller & Marcus, *Federal Practice and Procedure*, § 2173 at 293 (2d ed. 1994).

Weber's only effort to substantiate its objections to the interrogatories and first request for production is found in the following text:

> Even where a fraud claim is nominally present in a lawsuit, discovery under Alabama law is not unlimited. The Alabama Supreme Court has repeatedly refused to grant plaintiffs a license to demand the sweeping, nationwide discovery that the plaintiff has moved this Court to compel. Rather, the Supreme Court has declared that, even in a fraud case, discovery requests must be confined to appropriate geographical areas (the state of Alabama), time periods and product types. ...

(Opposition to motion to compel at 4-5 (citations omitted).[2])
Thus, this court only must determine the appropriate limitations on geographical areas, time periods, and product types in this action.

In making that determination, this court is guided by the former Fifth Circuit's decision in *Dollar v. Long Manufacturing, N.C., Inc.*, 561 So.2d 613 (5th Cir. 1977).[3]  The plaintiff in

---

[2] Weber relies completely upon Alabama case law to argue that plaintiff's discovery requests are overbroad. (Opposition to motion to compel at 4-5.) Nevertheless, state discovery practices are largely irrelevant in federal court. *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990); *see also* 8 Wright, Miller & Marcus, *Federal Practice and Procedure* § 2005 at 64 (2d ed. 1994)(noting that state discovery practices are irrelevant, except for questions of privilege, or execution of judgments pursuant to Rule 69).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

11

*Dollar* sought to recover for a wrongful death allegedly caused by the negligent design of a backhoe. She sought discovery of "any accident, incidents, or occurrences resulting in the bodily injury or death of an operator of a backhoe of similar model to the one in this suit...." *Id.* at 615. The court found:

> The information sought by the plaintiff as to the existence and details of other injuries and deaths resulting from the use of [defendant's] backhoes of the 1200 model and other similar models clearly was "reasonably calculated to lead to the discovery of admissible evidence."

*Id.* at 617. In the present action, plaintiff also seeks to recover for the alleged negligent design of a product. (Complaint at 3-4.) Thus, *Dollar* teaches that plaintiff is entitled to information on the existence and details of other accidents resulting from "similar models" of the furnace.

### 1. Geographical areas

Weber proposes to restrict discovery to matters which occurred in the state of Alabama, but provides no justification for that restriction. This court only possesses evidence of one furnace which was sold in Alabama: the one purchased by plaintiff. Without further evidence, this court cannot conclude that a geographic limitation is warranted in this action.

### 2. Time periods

Plaintiff has informally limited its discovery requests to a thirteen year period from 1985 to present. (*See* Motion to compel exhibit F.) That time span commences three years prior to installation of the furnace at issue. (*See* complaint ¶ 1 (furnace

12

installed in 1988).) In light of plaintiff's claims for fraud and negligent design, this court cannot find the time period to be unreasonable.

### 3. Product types

Plaintiff is entitled to discover information about similar furnaces manufactured by defendant. *Dollar v. Long Manufacturing, N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977); *Baine v. General Motors Corp.*, 141 F.R.D. 328, 330 (M.D. Ala. 1991). Even so, Weber apparently believes there are no "similar" furnaces, because

> [t]he furnaces are not "stock" or "off-the-shelf" items. They vary from one customer to another, or from one order to another, based largely on a customer's specifications and directions and on evolving technological developments. Plans for a furnace are subject to customer approval.

(Motion to compel exhibit B at 10.)

That objection merely establishes the furnace purchased by plaintiff is not "identical" to any other furnace manufactured by Weber. It provides no indication of the "similarity" between plaintiff's furnace and other Weber furnaces. Without a more specific showing by Weber, this court cannot conclude plaintiff's requests are unreasonable.

### 4. Limitations on discovery requests

In accordance with the foregoing discussion, this court finds that the following limitations on plaintiff's first interrogatories and requests for production are appropriate:

> <u>Interrogatory 15</u>: List each complaint, item of technical assistance, report(s) of problems or report(s) of failure, whether written or verbal, received by this Defendant from any other person, entity or customer,

13

[from 1985 to present] regarding similar furnaces as the one made the basis of this case.

**Interrogatory 16**: Has any person or entity ~~ever~~ complained to this Defendant [from 1985 to present] that its furnaces were defectively designed, manufactured, installed, assembled or sold? If so, please state the following for each complaint: (1) The identity of the person or entity; (2) the date of the complaint, and (3) the substance of the complaint.

**Interrogatory 17**: After Berman purchased this furnace from this Defendant, please list each and every modification, change or correction this Defendant made regarding the design, manufacture or installation of similar furnaces as the one purchased from this Defendant by Berman.

**Interrogatory 18**: Has this Defendant ~~ever~~ been involved in any ~~other~~ litigation [from 1985 to present] regarding the design, manufacture, installation or sale of ~~its product(s)~~ [furnaces similar to that purchased by plaintiff]? If so, please state herein, for each case: (1) The style of the case; (2) the civil action number for the case; (3) the title of the court in which the action is pending and a brief summary of the facts and allegations of the case. Further, if the case has been resolved, please list the method of resolution.

**Interrogatory 19**: Has any other person or entity ~~ever~~ sued or made claim against this Defendant [from 1985 to present] for any alleged defective design, manufacture, installation or sale of ~~its products~~ [furnaces similar to that purchased by plaintiff]? If so, please state herein for each case or claim: (1) The style of the case; (2) the civil action number for the case; (3) the title of the court in which the action is pending and a brief summary of the facts and allegation of the case. Further, if the case has been resolved, please list the method of resolution.

(Motion to Compel exhibit A.)

**Request 14**: All correspondence, reports, letters, notes, E-mail, computer information, memoranda or any other document by whatever name or description which evidences all customer complaints regarding furnaces [similar to that purchased by plaintiff] designed, manufactured, installed, assembled and/or sold by this Defendant ~~for the past 15 years~~ [from 1985 to present].

14

Request 19: All correspondence, memoranda, letters, notes, E-mail, computer information, blueprints, drawings, schematics, manuals, written instructions or other technical or non-technical documents, by whatever name or description, [from 1985 to present,] which were sent by this Defendant to any other person, entity or customer, other than Berman, regarding furnace temperature control and/or sub-hearth cooling of furnaces [similar to that purchased by plaintiff] sold by this Defendant. For each document produced herein, please also provide the date said document was sent by this Defendant.

Request 26: Any and all reports, tests, investigations, reports of tests or investigations, memoranda, correspondences, letters, notes, drawings, blueprints, schematics, E-mail, computer information or any other document by whatever name or description which evidence or reflect investigations, tests or experiments conducted on any furnace [similar to that purchased by plaintiff] which was designed, manufactured, installed, assembled and/or sold by this Defendant ~~for the past 15 years~~ [from 1985 to present].

Request 27: Any and all reports, tests, investigations, reports of tests or investigations, memoranda, correspondences, letters, notes, drawings, blueprints, schematics, E-mail, computer information or any other document by whatever name or description which evidence or reflect investigations, tests or experiments investigations, tests or experiments regarding furnace temperature control and/or sub-hearth cooling of furnaces [similar to that purchased by plaintiff] sold by this Defendant ~~for the past 15 years~~ [from 1985 to present].

Request 28: Any and all reports, tests, investigations, reports of tests or investigations, memoranda, correspondences, letters, notes, drawings, blueprints, schematics, E-mail, computer information or any other document by whatever name or description which evidence or reflect complaints or concerns which have been expressed to this Defendant by any other person or entity (other than Berman) regarding temperature control and/or sub-hearth cooling of furnaces [similar to that purchased by plaintiff] sold by this Defendant [from 1985 to present].

(Motion to compel exhibit C.)

E. **Requests for production attached to deposition notice**

15

Weber refused to supply the documents requested in the March 18, 1998 deposition notice, because production was required at the time of the deposition on March 24, 1998. Weber rightfully contended that it was entitled to 30 days to produce the documents. *See Fed.R.Civ.P.* 30(b)(5)(adopting Rule 34 and its 30 day time frame). Because the deposition notice failed to comply with the Federal Rules of Civil Procedure, plaintiff's motion to compel is due to be denied.[4] *See Woodyard v. Provident Life and Accident Insurance Co.*, No. 97-2062, 1998 WL 158744 (E.D. La. Mar. 30, 1998); *Brown v. Greyhound Lines, Inc.*, No. H-94-1263, 1995 WL 811965 (S.D. Tex. Aug. 25, 1995); *Shannon v. TAESA Airlines*, No. 2:93-CV-689, 1994 WL 931216 (S.D. Ohio Nov. 10, 1994).

### III. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this the 19th day of May, 1998.

_____
United States District Judge

---

[4] Weber requests attorney's fees and costs incurred in responding to the motion to compel. That request is denied.